DeTorei J. Crain
2404 FM423 Suite 300-525
Little Elm, Texas 75068
mrcrain3@yahoo.com

ORIGINAL

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2009 DEC 10  PM 1: 58

DEPUTY CLERK _RR_

# 36711

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS - DALLAS

DeTorei J. Crain,

    Plaintiff,

vs.

Credit Protection Association,
Genesis Financial Solutions,
Jefferson Capital System, Asset
Acceptance LLC, Midland Credit
Management Inc, OK Student Loan
Authority, AFNI, Palisades
Collection LLC, Pencro Associates,
Portfolio Recovery, TU Electric,
Meta Bank, Vision Financial,
Brachfield and Associates, Texas
Direct Auto, Capital One Auto
Finance, HSBC Auto Finance,
Marquette Consumer Finance,
Langbert Financial Inc, Leading
Edge Recovery Solution LLC,
Portfolio Recovery, Premier
Recovery, Americredit, Prestige
Financial Services, Wells Fargo
Financial, GC Services, Flagship
Credit Corp, BSM Financial LP,
Payless Car Sales, Drivers Select,

Case No:

**3-09CV2353-D**

**FAIR CREDIT REPORTING ACT
("FCRA") AND FAIR DEBT
COLLECTION PRACTICES ACT
("FDCPA") COMPLAINT**

"FCRA/FDCPA" COMPLAINT - 1

Defendant

---

Upon information and belief, and in good faith, Plaintiff, DeTorei J. Crain alleges as follows.

**PRELIMINARY STATEMENT**

1. Plaintiff bring this action for damages in part and specific to those Defendants based on their individual violation of the **Fair Credit Reporting Act** ("FCRA") codified at 15 U.S.C. § 1681 et seq., action for damages in part and specific to those Defendants based on their individual violation of the **Fair Debt Collection Practices Act** ("FDCPA"), 15 U.S.C. § 1692 et seq., The **Fair and Accurate Credit Transactions Act of 2003 FACT Act or FACTA**, Pub.L. 108-159.

2. Under § 616 of the Act, (15 U.S.C. § 1681n). " An entity that meets the definitional requirement for a "consumer reporting agency" (CRA) in section 603(f) of the FCRA is covered by the law even if the only information it collects, maintains, and disseminates is obtained from "public record" sources.

3. Section 603(f) defines a "consumer reporting agency" (CRA) as any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information...for the purpose of furnishing consumer reports to third parties". In turn, Section 603(d) defines a "consumer report" as the communication of "any information" by a CRA that bears on a consumer credit worthiness, credit rating, credit capacity, character, general reputation, personal characteristics, or mode of living" that is "used or expected to be used or collected in whole or in part" for the purpose of serving as a factor in establishing eligibility for credit or insurance to be used primarily for personal, family or household purposes,

employment purposes, or any other purpose authorized under Section (604).

4. A consumer may recover either <u>actual damages</u> or a minimum of $100 and a maximum of $1000 plus <u>punitive damages</u> and reasonable <u>attorney's fees and costs</u> for willful noncompliance with the Act". Under § 617 of the Act, (<u>15 U.S.C.</u> <u>§ 1681o</u>), recovery for a negligent violation is of actual damages, plus attorney's fees. Under § 618, <u>a consumer may file suit in state or federal court to enforce the Act, and the statute of limitations is the earlier of 2 years from discovery and 5 years from the violation.</u> (<u>15 U.S.C. § 1681p</u>).

**JURISDICTION**

5. The jurisdiction of this court is conferred by 15 U.S.C., 1681(p) and 28 U.S.C. 1331. Venue lies in Ellis County in the U.S. District Court, Northern District of Texas-Dallas.

**PARTIES**

6. Plaintiff, DeTorei J. Crain (hereafter "I", "my", or Plaintiff") is a resident of Dallas Texas. Plaintiff is a "consumer" as defined by FCRA 1681(a) of the FCRA.

7. Upon information and belief, Defendant <u>Experian Information Solutions</u> (hereinafter "Experian") is both a "person" as defined by FCRA 1681a(f) and Sections 603(f). Experian is authorized to do business in the State of Texas, with its principle place of business located at 475 Anton Blvd. Costa Mesa, CA 92626.

8. Upon information and belief, Defendant <u>Trans Union LLC</u> (hereafter Trans Union) is both a "person" as defined by FCRA 1681(a) and a consumer reporting agency as defined by FCRA 1681a(f) and Sections 603(f). Trans Union is authorized to do business in the State of Texas, with its principle place of business located at 555 West Adams, Chicago IL 60661.

9. Upon information and belief, Defendant CSC Credit Service/Equifax is both a "person" as defined by FCRA 1681(a) and a consumer reporting agency as defined by FCRA 1681a(f) and Sections 603(f). ChexySystems is authorized to do business in the State of Texas, with its principle place at 7805 Hudson Road, Ste: 100; Woodbury, MN 55125

10. Upon information and belief, AFNI is debt collector as defined by the FDCPA 1692a(6), a person as defined by FCRA 1681a(b), a reseller as defined by FCRA 1681a(u) and is a furnisher of information as contemplated by FCRA 1681s-2(a)(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experience with any consumer.

11. Upon information and belief, Credit Protection Association is debt collector as defined by the FDCPA 1692a(6), a person as defined by FCRA 1681a(b), a reseller as defined by FCRA 1681a(u) and is a furnisher of information as contemplated by FCRA 1681s-2(a)(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experience with any consumer.

12. Upon information and belief, GENESIS FINANCIAL SOLUTIONS is debt collector as defined by the FDCPA 1692a(6), a person as defined by FCRA 1681a(b), a reseller as defined by FCRA 1681a(u) and is a furnisher of information as contemplated by FCRA 1681s-2(a)(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experience with any consumer.

13. Upon information and belief, Jefferson Capital System is debt collector as defined by the FDCPA 1692a(6), a person as defined by FCRA 1681a(b), a reseller as defined by FCRA 1681a(u) and is a furnisher of information as contemplated by FCRA 1681s-2(a)(b), who regularly and in the ordinary course of business furnishes

information to one or more consumer reporting agencies about consumer transactions or experience with any consumer.

14. Upon information and belief, Defendant Meta Bank is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transaction or experiences with any consumer.

15. Upon information and belief, Defendant Vision Financial is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transaction or experiences with any consumer.

16. Upon information and belief, Defendant Southwest Funding LP is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transaction or experiences with any consumer.

17. Upon information and belief, Defendant Advantage Credit is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transaction or experiences with any consumer.

18. Upon information and belief, Defendant Brachfeld and Associates is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transaction or experiences with any consumer.

19. Upon information and belief, Defendant Factual Data-National is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transaction or experiences with any consumer.

20. Upon information and belief, Defendant Texas Direct Auto is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transaction or experiences with any consumer.

21. Upon information and belief, Defendant Capital One Auto Finance is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transaction or experiences with any consumer.

22. Upon information and belief, Defendant HSBC Auto Finance is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transaction or experiences with any consumer.

23. Upon information and belief, Defendant Marquette Consumer Finance is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transaction or experiences with any consumer.

24. Upon information and belief, Defendant Langbert Financial Inc is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transaction or experiences with any consumer.

25. Upon information and belief, Defendant Leading Edge Recovery Solutions LLC is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transaction or experiences with any consumer.

26. Upon information and belief, Defendant <u>Landsafe Credit</u> is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transaction or experiences with any consumer.

27. Upon information and belief, Defendant <u>Auto Merchants Inc</u> is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transaction or experiences with any consumer.

28. Upon information and belief, Defendant <u>Central Kia Subaru</u> is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transaction or experiences with any consumer.

29. Upon information and belief, Defendant <u>Drive Financial</u> is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transaction or experiences with any consumer.

30. Upon information and belief, Defendant <u>Americredit</u> is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transaction or experiences with any consumer.

31. Upon information and belief, Defendant <u>Prestige Financial Services</u> is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transaction or experiences with any consumer.

32. Upon information and belief, Defendant <u>Wells Fargo Financial</u> is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transaction or experiences with any consumer.

33. Upon information and belief, Defendant <u>GC Services</u> is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transaction or experiences with any consumer.

34. Upon information and belief, Defendant <u>BSM Financial LP</u> is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transaction or experiences with any consumer.

35. Upon information and belief, Defendant <u>Payless Car Sales</u> is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transaction or experiences with any consumer.

36. Upon information and belief, Defendant <u>Premier Recovery</u> is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transaction or experiences with any consumer.

**CAUSE OF ACTION**

37. Plaintiff repeats, alleges, contends, asserts/reasserts and incorporate by reference the foregoing paragraphs.

38. Upon information and belief, <u>Experian</u> continues to add, store, maintain and disseminate personal credit information, in consumer reports it prepares and issues about plaintiff which is inaccurate,

false, erroneous, misleading and adverse despite notice from Plaintiff and subscribers that such information is inaccurate.

39. Upon information and belief, Experian fails to conduct reasonable investigation of Plaintiff's disputes and otherwise failed to comport with FCRA 1681i.

40. Upon information and belief, Experian fails to adopt and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's consumer credit and other personal information as required by FCRA which it compiled, used and manipulated in order to prepare consumer credit reports, credit scores, risk factors, denial codes and other economic a predictions data evaluation.

41. As a result of Experian's negligent failure to comply with the FCRA, it is liable to Plaintiff in the amount equal to sum of (1) any actual damages sustained by Plaintiff as a result of said failure and (2) the cost of this action together with reasonable attorney's fees.

42. Upon information and belief, Trans Union continues to add, store, maintain and disseminate personal credit information, in consumer reports it prepares and issues about plaintiff which is inaccurate, false, erroneous, misleading and adverse despite notice from Plaintiff and subscribers that such information is inaccurate.

43. Upon information and belief, Trans Union fails to conduct reasonable investigation of Plaintiff's disputes and otherwise failed to comport with FCRA 1681i.

44. Upon information and belief, Trans Union fails to adopt and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's consumer credit and other personal information as required by FCRA which it compiled, used and manipulated in order to prepare consumer credit reports, credit scores, risk factors, denial codes and other economic a predictions data evaluation.

45. As a result of Trans Union's negligent failure to comply with the FCRA, it is liable to Plaintiff in the amount equal to sum of (1)

any actual damages sustained by Plaintiff as a result of said failure and (2) the cost of this action together with reasonable attorney's fees.

46. Upon information and belief, CSC Credit Services/EQUIFAX continues to add, store, maintain and disseminate personal credit information, in consumer reports it prepares and issues about plaintiff which is inaccurate, false, erroneous, misleading and adverse despite notice from Plaintiff and subscribers that such information is inaccurate.

47. Upon information and belief, CSC Credit Services/Equifax fails to conduct reasonable investigation of Plaintiff's disputes and otherwise failed to comport with FCRA 1681i.

48. Upon information and belief, CSC Credit Services/Equifax fails to adopt and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's consumer credit and other personal information as required by FCRA which it compiled, used and manipulated in order to prepare consumer credit reports, credit scores, risk factors, denial codes and other economic a predictions data evaluation.

49. As a result of CSC Credit Services/Equifax negligent failure to comply with the FCRA, it is liable to Plaintiff in the amount equal to sum of (1) any actual damages sustained by Plaintiff as a result of said failure and (2) the cost of this action together with reasonable attorney's fees.

50. AFNI willfully and negligently failed to validate Plaintiff's allege debt and continue to report to Credit Bureaus in Violations of FDCPA Sections 809(b).

51. AFNI Willfully and negligently "Re age" fraudulent account by updating date of last activity on Plaintiff's credit report in order to keep negative information on an account longer in violation of FCRA 605(c).

52. <u>AFNI</u> willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and Sections 1681b (a)(3)(F).

53. <u>Credit Protection Associates</u> willfully and negligently failed to validate Plaintiff's allege debt and continue to report to Credit Bureaus in Violations of FDCPA Sections 809(b).

54. <u>Credit Protection Associates</u> Willfully and negligently "Re age" fraudulent account by updating date of last activity on Plaintiff's credit report in order to keep negative information on an account longer in violation of FCRA 605(c).

55. <u>Credit Protection Associates</u> willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and Sections 1681b (a)(3)(F).

56. <u>Credit Protection Associaton</u>; willfully and negligently failed to validate Plaintiff's allege debt and continue to report to Credit Bureaus in Violations of FDCPA Sections 809(b).

57. <u>Credit Protection Associaton</u>; Willfully and negligently "Re age" fraudulent account by updating date of last activity on Plaintiff's credit report in order to keep negative information on an account longer in violation of FCRA 605(c).

58. <u>Credit Protection Associaton</u>; willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and Sections 1681b (a)(3)(F).

59. <u>Receivables Performance Management LLC</u>; willfully and negligently failed to validate Plaintiff's allege debt and continue to report to Credit Bureaus in Violations of FDCPA Sections 809(b).

60. <u>Receivables Performance Management LLC</u>; Willfully and negligently "Re age" fraudulent account by updating date of last activity on Plaintiff's credit report in order to keep negative information on an account longer in violation of FCRA 605(c).

61. <u>Receivables Performance Management LLC</u>; willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and Sections 1681b (a)(3)(F).

62. On 02/17/2009 <u>Vision Financial</u> willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and Sections 1681b (a)(3)(F) as evident by Trans Union report#204732857.

63. On 09/04/2008 <u>Southwest Funding</u> willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and Sections 1681b (a)(3)(F) as evident by Trans Union report#204732857.

64. On 09/04/2008 <u>Advantage Credit</u> willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and Sections 1681b (a)(3)(F) as evident by Trans Union report#204732857.

65. On 01/15/2008 <u>Factual Data-National</u> willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and Sections 1681b (a)(3)(F) as evident by Trans Union report#204732857.

66. On 10/27/2008 <u>Texas Direct Auto</u> willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and Sections 1681b (a)(3)(F) as evident by Trans Union report#204732857.

67. On 09/11/2007 <u>Capital One Auto Finance</u> willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and Sections 1681b (a)(3)(F) as evident by Trans Union report#204732857.

68. On 09/11/2007 <u>HSBC Auto Finance</u> willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and Sections 1681b (a)(3)(F) as evident by Trans Union report#204732857.

69. On 09/07/2007 <u>Marquette Consumer Finance</u> willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and Sections 1681b (a)(3)(F) as evident by Trans Union report#204732857.

70. On 12/05/2008 <u>Langbert Financial Inc</u> willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and Sections 1681b (a)(3)(F) as evident by Trans Union report#204732857.

71. On 08/21/2008 <u>Leading Edge Recovery Solutions LLC</u> willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and Sections 1681b (a)(3)(F) as evident by Trans Union report#204732857.

72. On 03/07/2008 <u>Landsafe Credit</u> willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and Sections 1681b (a)(3)(F) as evident by Trans Union report#204732857.

73. On 11/05/2007 <u>First Premier Bank</u> willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and Sections 1681b (a)(3)(F) as evident by Trans Union report#204732857.

74. On 09/11/2007 <u>Drive Financial</u> willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and Sections 1681b (a)(3)(F) as evident by Trans Union report#204732857.

75. On 09/08/2007 <u>Auto Merchants Inc</u> willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and Sections 1681b (a)(3)(F) as evident by Trans Union report#204732857.

76. On 09/11/2007 <u>Central Kia Subaru</u> willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and Sections 1681b (a)(3)(F) as evident by Trans Union report#204732857.

77. On 09/06/2007 Americredit willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and Sections 1681b (a)(3)(F) as evident by Trans Union report#204732857.

78. On 09/06/2007 Prestige Financial Services willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and Sections 1681b (a)(3)(F) as evident by Trans Union report#204732857.

79. On 08/30/2007 Wells Fargo Financial willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and Sections 1681b (a)(3)(F) as evident by Trans Union report#204732857.

80. On 09/06/2007 Flagship Credit Corp willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and Sections 1681b (a)(3)(F) as evident by Trans Union report#204732857.

81. On 07/14/2007 Bsm Financial LP willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and Sections 1681b (a)(3)(F) as evident by Trans Union report#204732857.

82. On 06/20/2007 Payless Car Sales willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and Sections 1681b (a)(3)(F) as evident by Trans Union report#204732857.

83. On 05/27/2007 Premier Recovery willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and Sections 1681b (a)(3)(F) as evident by Trans Union report#204732857.

84.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all issues so triable.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff requests that judgment be entered against Defendants for:

a.) Actual damages in an amount to be shown at trial;

b.) Statutory damages pursuant to FCRA 1681n;

c.) Punitive damages pursuant to FCRA 1681n;

d.) Temporary and permanent injunctive relief restraining Defendants from further reporting of inaccurate and erroneous adverse information regarding Plaintiff's consumer credit information;

e.) Costs and reasonable attorney's fees; and

f.) Such other relief as may be just and proper.

August 17, 2009

_____
DeTorei J. Crain
PLAINTIFF/IN PRO PER

≈JS 44 (Rev. 12/07)   ORIGINAL CIVIL COVER SHEET   3-09CV2353-D

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

**DEFENDANTS**

(b) County of Residence of First Listed Plaintiff  DeTorei J. Crair
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Add All
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☒ 1  U.S. Government Plaintiff
☐ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability |  | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☒ 480 Consumer Credit |
|  | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) |  |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land |  ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☒ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity):**

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE   12-10-09

SIGNATURE OF ATTORNEY OF RECORD   DeTorei C__

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____