IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DETOREI J. CRAIN, ) | |
|     Plaintiff, ) | |
| vs. ) | No. 3:09-CV-2353-D |
| ) | |
| CREDIT PROTECTION ) | |
| ASSOCIATION, et al., ) | |
|     Defendants. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the *Order of Reference* dated May 5, 2010, *Defendant Americredit Financial Service's Motion to Dismiss* ("Mot."), filed April 30, 2010 (doc. 31), has been referred for recommendation. Based on the relevant filings and applicable law, the motion should be **GRANTED**.

**I. BACKGROUND**

On December 10, 2009, Plaintiff filed a *pro se* suit against numerous entities, including Defendant Americredit Financial Service ("Defendant"), for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. (Compl. ¶ 1.) Although he initially describes Defendant as a "furnisher" of information under the FCRA, Plaintiff's sole one-paragraph allegation against Defendant simply states that it "willfully and negligently obtain[ed]" his credit report without his permission on September 6, 2007, in violation of § 1681b(a)(3)(F) of the FCRA, as evidenced by a credit report. (*Id.* ¶¶ 30, 77.) On April 30, 2010, Defendant moved to dismiss this action. (*See* Mot. at 5.) The Court gave Plaintiff until May 20, 2010, to respond to the motion. (*See* Order, doc. 41.) Because Plaintiff failed to respond, the issues are now ripe for determination.

**II. MOTION TO DISMISS**

Defendant moves to dismiss Plaintiff's claims under Fed. R. Civ. P. 12(b)(6) on grounds that he failed to state a claim against it upon which relief can be granted. (*See* Mot. at 1-5.)

**A. <u>Legal Standard</u>**

Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted. *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981). Under the 12(b)(6) standard, a court cannot look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). However, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted).

Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it

"stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 129 S. Ct. at 1949 (citations omitted).

**B. FCRA**

Defendant first contends that Plaintiff has not pled sufficient facts to state a claim against it under the FCRA because he does not allege any facts to support a finding that it obtained his credit report for an impermissible purpose. (Mot. at 3.) Defendant also contends that Plaintiff cannot state a claim under § 1681b(a)(3)(F) because § 1681b(a) only applies to credit reporting agencies. *Id.*

"Congress enacted the FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007); *see also Wilting v. Progressive County Mut. Ins. Co.*, 227 F.3d 474, 475 (5th Cir. 2000) (per curiam) (FCRA governs reporting of consumer credit information and permissible uses of credit reports). Section 1681b(a) sets out the permissible purposes for which a "consumer reporting agency" may furnish a consumer credit report. The FCRA defines a "consumer reporting agency" as

> any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

15 U.S.C. § 1681a(f).

Here, although Plaintiff initially alleges that Defendant is a furnisher of information, his sole claim against Defendant is based on its obtaining his credit report without his permission. (*See* Compl. ¶¶ 30, 77.) He does not contend that Defendant is a consumer reporting agency as defined in § 1681a(f). Plaintiff has therefore failed to state a claim against Defendant under the FCRA for furnishing information.

Plaintiff also claims that Defendant willfully and negligently obtained his credit report without his permission in violation of § 1681b(a)(3)(F). (Compl. ¶ 77.) Section 1681b(f) states that a person may not use or obtain a credit report for any purpose except "a purpose for which the consumer report is authorized to be furnished under this section." "This section expressly makes the permissible purposes set out in § 1681b(a) applicable to users of credit reports and provides a means to impose liability for using or obtaining a consumer report in violation of the FCRA." *Crain v. Credit Protection Ass'n,* No. 3:09-CV-2353-D, 2010 WL 1223127, at * 2 (N.D. Tex. Mar. 2, 2010), accepted by 2010 WL 1233517 (N.D. Tex. Mar. 29, 2010)*; cf. Blanks v. Ford Motor Credit*, No. 3:04-CV-0331-B, 2005 WL 43981, at *3 (N.D. Tex. Jan. 7, 2005).[1] Section 1681n(a) provides consumers with a right of action against users of credit reports for willful non-compliance with the FCRA, and § 1681o provides a right of action for negligent non-compliance. *Id.*

The section of the FCRA upon which Plaintiff relies, § 1681b(a)(3)(F), permits release of a credit report to a person that a credit reporting agency has reason to believe "has a legitimate business need for the information –(i)in connection with a business transaction that is initiated by the consumer; or (ii) to review an account to determine whether the consumer continues to meet the terms of the account." Although Plaintiff essentially claims that Defendant did not have a legitimate business need to obtain his credit information, he has not pled any facts to support that allegation. This failure is fatal to Plaintiff's claim against Defendant under *Iqbal*. *See* 129 S. Ct. at 1949 (labels and conclusions insufficient to state a claim); *Twombly*, 550 U.S. at 555 (same); *Guidry*, 954 F.2d

---

[1] *See also Cappetta v. GC Serv. Ltd.*, 654 F. Supp. 2d 453, 461 (E.D. Va. 2009) (finding that plaintiff could state a claim for relief under § 1681b(a)(F)(3) if she alleged with sufficient factual support that defendant willfully or negligently obtained her credit report without a legitimate business purpose); *Godby v. Wells Fargo Bank, N.A.,* 599 F. Supp. 2d 934, 938 (S.D. Ohio 2008) (noting that the parties jointly argued that provisions of § 1681b(a)(3) were relevant to determining whether the defendant accessed the plaintiff's credit information for an impermissible purpose in an action under § 1681b(f)).

at 281 (well-pleaded facts needed to avoid dismissal). Because Plaintiff has merely stated conclusory allegations against Defendant, the motion to dismiss should be granted as to this claim.

**C. Opportunity to Amend**

Notwithstanding the failure to plead sufficient facts, the Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to court order, *see Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, Nos. 3:96-CV-2923-D, 3:97-CV-0353-D, 2004 WL 789870, at *2 (N.D. Tex. Apr.12, 2004); *Sims*, 2001 WL 627600, at *2, or when a *pro se* plaintiff seeks to amend his complaint in response to a recommended dismissal, *see Swanson v. Aegis Commc'ns Group, Inc.*, No. 3:09-CV-0041-D, 2010 WL 26459, at *1 (N.D. Tex. Jan. 5, 2010); *Scott*, 2008 WL 398314, at *1. Courts may appropriately dismiss an action with prejudice without giving an opportunity to amend, however, when the plaintiff fails to respond to a motion to dismiss after being specifically invited to do so by the court, the defendant has specifically noted the failure to respond, and the plaintiff has had ample opportunity to amend the complaint. *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995) (noting passage of 327 days). Dismissal with prejudice is also appropriate if a court finds that the plaintiff has alleged his best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Here, nearly one month has passed since Defendant filed its motion to dismiss. Plaintiff failed to respond to the motion despite the Court's order expressly giving him until May 20, 2010, to do so. He has not moved for leave to amend his complaint. Because Plaintiff has had a more limited opportunity to amend than the plaintiff in *Rodriguez*, and he might be able to allege a better

5

case against Defendant, he should be accorded one last opportunity to amend his complaint to allege sufficient facts to state a claim.

### III.  CONCLUSION

*Defendant Americredit Financial Service's Motion to Dismiss*, filed April 30, 2010, (doc. 31) should be **GRANTED**.  Unless Plaintiff files an amended complaint that states a claim against Defendant Americredit Financial Service within the fourteen days allotted for objections to this recommendation or a deadline otherwise set by the Court, the claim against Americredit Financial Service should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on this 21st day of May, 2010.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a cop. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE