IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DETOREI J. CRAIN,           )<br>          Plaintiff,           )<br>vs.                                    )<br>                                          )<br>CREDIT PROTECTION      )<br>ASSOCIATION, et al.,        )<br>          Defendants.         ) | No. 3:09-CV-2353-D |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to the *Order of Reference* dated May 20, 2010, *Defendant Meta Bank's Motion to Dismiss* ("Mot."), filed May, 13, 2010 (doc. 52), has been referred for recommendation. Based on the relevant filings and applicable law, the motion should be **GRANTED**.

### I. BACKGROUND

On December 10, 2009, Plaintiff filed a *pro se* suit against numerous entities, including Defendant Marquette Consumer Finance Inc. ("Defendant"), for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. (Compl. ¶ 1.) His sole one-paragraph allegation against Defendant simply states that "[u]pon information and belief, Defendant Meta Bank is a 'furnisher' of information as contemplated by FCRA 1681s-2(a) & (b), who regularly and in the course of business furnishes information to one or more consumer reporting agencies..." (*Id.* ¶ 14.) On May 13, 2010, Defendant moved to dismiss this action with prejudice. (*See* Mot. at 3.) The Court gave Plaintiff until June 3, 2010, to respond to the motion. (*See* Order, doc. 56.) Because Plaintiff failed to respond, the issues are now ripe for determination.

### II. MOTION TO DISMISS

Defendant moves to dismiss Plaintiff's claims under Fed. R. Civ. P. 12(b)(6) on grounds that

he failed to state a claim against it upon which relief can be granted.  (*See* Mot. at 1-3.)

A. <u>**Legal Standard**</u>

Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted. *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981).  Under the 12(b)(6) standard, a court cannot look beyond the pleadings.  *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers."  *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).  However, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).  The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff.  *Baker*, 75 F.3d at 196.  "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted).

Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* at 555; *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").  The alleged facts must "raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but

>it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 129 S. Ct. at 1949 (citations omitted).

## B. FCRA

Defendant contends that Plaintiff has pled no facts to support a claim that would entitle him to relief. (Mot. at 3.) Although Plaintiff describes Defendant as a "furnisher of information" to consumer reporting agencies (Compl. ¶14), he does not proffer any facts that could support a cause of action under the FCRA. This failure is fatal to his claim against Defendant under *Iqbal*. See 129 S.Ct., at 1949 (a plaintiff must plead sufficient factual matter to state a claim).; Guidry, 954 F.2d at 281 (well-pleaded facts needed to avoid dismissal). Accordingly, Plaintiff has failed to state a claim against Defendant under the FCRA and Defendant's motion to dismiss should be granted.   .

## C. Opportunity to Amend

Notwithstanding the failure to plead sufficient facts, the Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to court order, *see Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, Nos. 3:96-CV-2923-D, 3:97-CV-0353-D, 2004 WL 789870, at *2 (N.D. Tex. Apr.12, 2004); *Sims*, 2001 WL 627600, at *2, or when a *pro se* plaintiff seeks to amend his complaint in response to a recommended dismissal, *see Swanson v. Aegis Commc'ns Group, Inc.*, No. 3:09-CV-0041-D, 2010 WL 26459, at *1 (N.D. Tex. Jan. 5, 2010); *Scott*, 2008 WL 398314, at *1. Courts may appropriately dismiss an action with

prejudice without giving an opportunity to amend, however, when the plaintiff fails to respond to a motion to dismiss after being specifically invited to do so by the court, the defendant has specifically noted the failure to respond, and the plaintiff has had ample opportunity to amend the complaint. *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995) (noting passage of 327 days). Dismissal with prejudice is also appropriate if a court finds that the plaintiff has alleged his best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Here, nearly one month has passed since Defendant filed its motion to dismiss. Plaintiff failed to respond to the motion despite the Court's order expressly giving him until June 3, 2010, to do so. He has not moved for leave to amend his complaint. Because Plaintiff has had a more limited opportunity to amend than the plaintiff in *Rodriguez*, and he might be able to allege a better case against Defendant, he should be accorded one last opportunity to amend his complaint to allege sufficient facts to state a claim.

### III.  CONCLUSION

*Defendant Meta Bank's Motion to Dismiss*, filed May 13, 2010, (doc. 52) should be **GRANTED**. Unless Plaintiff files an amended complaint that states a claim against Meta Bank within the fourteen days allotted for objections to this recommendation or a deadline otherwise set by the Court, the claim against Meta Bank should be **DISMISSED WITH PREJUDICE**.

SO RECOMMENDED on this 7th day of June, 2010.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a cop. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE