IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DETOREI J. CRAIN, §
 §
   Plaintiff, §
 § Civil Action No. 3:09-CV-2353-D
VS. §
 §
CREDIT PROTECTION ASSOCIATION, §
et al., §
 §
   Defendants. §

**ORDER**

  After making an independent review of the pleadings, files, and records in this case, the June 29, 2010 findings, conclusions, and recommendation of the magistrate judge, and the July 13, 2010 objections of defendant Wells Fargo Financial, Inc. ("Wells Fargo"), the court declines to adopt the findings, conclusions, and recommendation of the magistrate judge. Instead, the court denies Wells Fargo's April 19, 2010 motion to dismiss without prejudice as moot.

  Plaintiff DeTorei J. Crain ("Crain") filed this *pro se* suit against several defendants, including Wells Fargo, on December 10, 2009. Wells Fargo filed on January 4, 2010 a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). On March 29, 2010 the court adopted the magistrate judge's recommendation[*] and dismissed Crain's suit against Wells Fargo with prejudice. The court directed that the judgment be entered as a final judgment under Rule 54(b), meaning that it was final and appealable at that time with respect to Crain's action against

---

[*]The court did not adopt the recommendation of the magistrate judge that Crain be permitted to replead. Although in subsequent orders related to other defendants the court has adopted that recommendation and granted Crain leave to amend, Crain's remedy from the March 29, 2010 judgment was to seek post-judgment relief or to appeal. He did neither. Instead, he simply caused Wells Fargo, a dismissed defendant, to be served with a summons and the same complaint that the court had dismissed.

Wells Fargo. Crain neither sought post-judgment relief from the judgment nor appealed.

After the court dismissed Crain's suit against Wells Fargo, Crain caused Wells Fargo to be served on April 12, 2010 with a summons and *the same complaint* that he had filed on December 10, 2009 and that the court had dismissed. On April 19, 2010 Wells Fargo filed a Rule 12(b)(6) motion based on *res judicata*. The magistrate judge recommends that the motion to dismiss be converted to a motion for motion for summary judgment and that the motion for summary judgment be denied. Wells Fargo objects to the recommendation.

The court concludes that Wells Fargo's motion to dismiss should be denied without prejudice as moot. The court dismissed this lawsuit against Wells Fargo on March 29, 2010 and entered a Rule 54(b) final judgment. Crain's service on Wells Fargo of a summons and of the dismissed complaint cannot revive the lawsuit against Wells Fargo. There is therefore no pending lawsuit against Wells Fargo to be dismissed. Wells Fargo is no longer a party to this case and has not been since March 29, 2010, when the court dismissed it as a defendant by Rule 54(b) final judgment.

Accordingly, the court denies Wells Fargo's April 19, 2010 motion to dismiss without prejudice as moot. Wells Fargo is not obligated to participate further in this lawsuit.

**SO ORDERED**.

July 28, 2010.

*[signature]*
SIDNEY A. FITZWATER
CHIEF JUDGE