IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DETOREI J. CRAIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:09-CV-2353-D |
| | § | |
| CREDIT PROTECTION | § | |
| ASSOCIATION, et al., | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Pursuant to the District Court's *Order of Reference*, filed July 9, 2010, *Defendant Langbert Financial, Inc.'s Motion for Summary Judgment*, filed July 8, 2010 (doc. 76), has been referred for hearing, if necessary, and for recommendation. Based on the relevant filings and applicable law, the motion should be **GRANTED**.

**I. BACKGROUND**

On December 4, 2008, a "Torei J. Crain" submitted an "Application to Sell Receivable" to Defendant Langbert Financial Inc. ("Defendant"). (Mot. Exh. A, p. 2.) Defendant contends that "Torei J. Crain" and Plaintiff are the same person. (*Id.*) The application provides the applicant's social security number and date of birth. (*Id.*) It also specifically grants Defendant permission to review the applicant's credit history as part of the application process. (*Id.* at Attach.) Review of credit history is an essential part of Defendant's application and underwriting process for potential customers so that it may determine how much credit will be extended and the terms of that extension. (*Id.* at p. 2.) On or about December 4, 2008, Defendant reviewed the credit history of the applicant in connection with the application. (*Id.*)

On December 10, 2009, Plaintiff Detorei J. Crain filed a *pro se* suit against Defendant and

numerous other entities for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. (Compl. ¶ 1.) Although he initially describes Defendant as a "furnisher" of information under the FCRA, his sole one-paragraph allegation against Defendant simply states that it "willfully and negligently obtain[ed]" his credit report without his permission in violation of § 1681b(a)(3)(F) of the FCRA on December 5, 2008. (*Id.* ¶¶ 24, 70.)

Defendant moved for summary judgment, and the Court gave Plaintiff until July 29, 2010, to respond to the motion. (*See* Order, doc. 49.) Because Plaintiff failed to respond, the issues are now ripe for determination.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The pleadings, discovery and disclosure materials on file, and affidavits, if any, must demonstrate that no genuine issue of material fact exists. Fed. R. Civ. P. 56(c).

Once the movant makes this showing, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 324. To carry this burden, the non-movant "must do more than simply show that

there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the non-movant must show that the evidence is sufficient to support a resolution of the factual issue in his favor. *Anderson*, 477 U.S. at 249.

While all of the evidence must be viewed in a light most favorable to the motion's opponent, *id.* at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)), neither conclusory allegations nor unsubstantiated assertions will satisfy the non-movant's summary judgment burden, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). Summary judgment in favor of the movant is proper if, after adequate time for discovery, the motion's opponent fails to establish the existence of an element essential to his case and as to which he will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

Generally, the courts liberally construe the pleadings of a *pro se* plaintiff. *See*, *e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981); *Martin v. United States Post Office*, 752 F. Supp. 213, 218 (N.D. Tex. 1990). However, the courts have no obligation under Rule 56 "to sift through the record in search of evidence to support a party's opposition to summary judgment." *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 164 (5th Cir. 2006) (quoting *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)). Instead, a party opposing summary judgment must "identify specific evidence in the record" that supports the challenged claims and "articulate the precise manner in which that evidence supports [a challenged] claim." *Ragas*, 136 F.3d at 458 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)).

Where, as here, the non-movant fails to respond to the motion for summary judgment, this failure does not allow the court to enter a default summary judgment. *Hibernia Nat'l Bank v. Admin. Cent. Sociedad Anonima*, 776 F.2d 1277 (5th Cir. 1985) (citing *John v. La. (Bd. of Trs. for State Colls.*

3

*& Univs.)*, 757 F.2d 698, 709 (5th Cir. 1985)). However, "[a] summary judgment nonmovant who does not respond to the motion is relegated to [his] unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). In addition, the movant's evidence may be accepted as undisputed. *Thompson v. Eason*, 258 F. Supp. 2d 508, 515 (N.D. Tex. 2003) (citing *Eversly v. Mbank*, 843 F.2d 172, 174 (5th Cir. 1988)); *Bookman*, 945 F. Supp. at 1002.

### III. ANALYSIS

Defendant moves for summary judgment on grounds that Plaintiff gave consent to review his credit report when he submitted his application, and that it had a legitimate business purpose to obtain his credit report. (Mot. at 4.)

**A.    Permission**

"Congress enacted the FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007); *see also Wilting v. Progressive County Mut. Ins. Co.*, 227 F.3d 474, 475 (5th Cir. 2000) (per curiam) (FCRA governs reporting of consumer credit information and permissible uses of credit reports). Section 1681b(f) states that a person may not use or obtain a credit report for any purpose except "a purpose for which the consumer report is authorized to be furnished under this section." "This section expressly makes the permissible purposes set out in § 1681b(a) applicable to users of credit reports and provides a means to impose liability for using or obtaining a consumer report in violation of the FCRA." *Crain v. Credit Protection Ass'n,* No. 3:09-CV-2353-D, 2010 WL 1223127, at *2 (N.D. Tex. Mar. 2, 2010), accepted by 2010 WL 1233517 (N.D. Tex. Mar. 29, 2010)*; cf. Blanks v. Ford Motor Credit*, No. 3:04-CV-0331-B, 2005 WL 43981, at *3 (N.D. Tex. Jan. 7, 2005). Section

1681b(a)(2) provides that a credit report may be furnished in accordance with the consumer's written instructions. Section 1681n(a) provides consumers with a right of action against users of credit reports for willful non-compliance with the FCRA, and § 1681o provides a right of action for negligent non-compliance. *Crain,* 2010 WL 1223127, at *2.

Defendant has met its summary judgment burden by identifying evidence in the record showing that Plaintiff gave it permission to review his credit report. *See Celotex Corp.*, 477 U.S. at 323. It provided an "Application to Sell Receivable" submitted by "Torei J. Crain" on December 4, 2008, that expressly grants Defendant permission to review his credit history as part of the application process. (Mot. Exh. A at Attach.) The application provides the applicant's social security number and date of birth. (*Id.*) On or about December 4, 2008, Defendant reviewed the credit history of the applicant in connection with the application. (*Id.* at 2.) Defendant contends that "Torei J. Crain" and Plaintiff are the same person. (*Id.*)

The burden now shifts to Plaintiff to direct the Court's attention to evidence in the record establishing a genuine issue of material fact. *See Celotex Corp.*, 477 U.S. at 324. Plaintiff failed to respond and therefore has not established a genuine issue of material fact concerning permission, and Defendant is entitled to summary judgment on this basis. *See id.* at 322-23; *Ragas*, 136 F.3d at 458.

**B.    Legitimate Business Purpose**

Even if Plaintiff did not give Defendant permission to review his credit report, the section of the FCRA upon which Plaintiff relies, § 1681b(a)(3)(F), permits release of a credit report without the consumer's consent to a person that a credit reporting agency has reason to believe "has a legitimate business need for the information –(i)in connection with a business transaction that is initiated by the consumer; or (ii) to review an account to determine whether the consumer continues to meet the terms

5

of the account."

Here, Defendant has met its summary judgment burden by identifying evidence in the record that shows it had a legitimate business need to obtain Plaintiff's credit information. *See Celotex Corp.*, 477 U.S. at 323. It has shown that it reviewed an applicant's credit information in connection with a business transaction initiated by that applicant when he submitted his "Application to Sell Receivable". (Mot. Exh. A, p. 2 and Attach.) That application contains identifying information for the applicant. (*Id.* at Attach.) Defendant has provided affidavit testimony establishing that review of credit history is an essential part of Defendant's application and underwriting process for potential customers so that it may determine how much credit will be extended and the terms of that extension. (*Id*. at p. 2.)

The burden now shifts to Plaintiff to direct the Court's attention to evidence in the record establishing a genuine issue of material fact. *See id.* at 324. Plaintiff failed to respond and therefore has not established a genuine issue of material fact concerning legitimate business need. Defendant is therefore also entitled to summary judgment on this basis. *See id.* at 322-23; *Ragas*, 136 F.3d at 458.

## IV.  CONCLUSION

*Defendant Langbert Financial, Inc.'s Motion for Summary Judgment*, filed July 8, 2010 (doc. 76), should be **GRANTED**, and the claim against Langbert Financial Inc. should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED on this 30th day of August, 2010.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a cop. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE